Paul A. Cardinale, SBN 8394
Melanie B. Chapman SBN 6223
MEDICAL DEFENSE LAW GROUP
3800 Watt Ave., Suite 245
Sacramento, CA 95821
Paul.Cardinale@med-defenselaw.com
Melanie.Chapman@med-defenselaw.com

**Southern Nevada Office:**
2460 Professional Court, Suite 110
Las Vegas, NV 89128
Tel: (702) 342-1914

Attorneys for Defendant WELLPATH, LLC

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CHARLES HOFFMAN,<br><br>       Plaintiff,<br><br>vs.<br><br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada; WELLPATH LLC, a Tennessee limited liability company; DOES I through XX, inclusive; DOE OFFICERS I through XX, inclusive,; DOE DOCTORS I through XX, inclusive; DOE NURSES I through XX, inclusive; and ROE BUSINESS ENTITIES I through XX, inclusive;<br><br>       Defendants. | CASE NO.: 2:25-cv-00577-RFB-EJY<br><br>**STIPULATION AND ORDER TO STAY MATTER AS TO  DEFENDANT WELLPATH, LLC**<br><br>Complaint Filed:     March 28, 2025<br>1st Am. Comp. Filed: May 20, 2025 |

Plaintiff, CHARLES HOFFMAN, ("Plaintiff" or "Mr. Hoffman") through his attorney, Craig A. Mueller, Esq., of Meuller & Associates, Inc.; Defendant, WELLPATH, LLC, ("Wellpath") through its attorney, Melanie B. Chapman, Esq. of the Medical Defense Law Group; and Defendant LAS VEGAS METROPOLITAN POLICE DEPARTMENT ("LVMPD"), by and through its attorney, E. Matthew Freeman, Esq. of Lewis Brisbois Bigaard & Smith LLP, (collectively, the "Parties"), hereby stipulate to

stay proceedings as to Wellpath, including but not limited to further briefing and hearing on Wellpath's Motion to Dismiss and Plaintiff's Motion for Leave to File Second Amended Complaint as follows:

1. On or about November 11, 2024, Wellpath filed a petition for bankruptcy under Chapter 11 of the United States Bankruptcy Code in the United State Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court").

2. On May 1, 2025, the Bankruptcy Court entered *Findings of Fact, Conclusions of Law, and Order (I) Confirming the First Amended Joint Chapter 11 Plan of Reorganization of Wellpath Holdings, Inc. and Certain of Its Debtor Affiliates and (II) Approving the Disclosure Statement on a Final Basis* [Case No. 24-90533, ECF No. 2596] (the "Confirmation Order"), which included a Plan of Reorganization (the "Plan"). On May 9, 2025 (the "Effective Date"), the Debtors filed a *Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Administrative Claims Bar Date* [ECF No. 2680, Case No. 24-90533] giving notice that the Plan was effective.

3. On June 4, 2025, the Bankruptcy Court issued the *General Form of Order Regarding Lift Stay Motions* [Case No. 24-90533, ECF No. 2907] (the "Stay Order"). The Stay Order was entered for the purpose of providing guidance regarding the impact of the Chapter 11 cases, including the Plan's discharge and injunction. The Stay Order specifically notes that the Plan applies to all cases that "arose prior to the Petition Date (i.e., before November 11, 2024)."

4. On or about May 5, 2025, Plaintiff filed his First Amended Complaint ("FAC"), wherein Wellpath LLC was named, for the first time, as defendant. [ECF No. 8.] Wellpath was served with the FAC on or about September 9, 2025. The Parties stipulated to allow Wellpath until October 21, 2025 to respond to the FAC, and the Court granted that stipulation pursuant to an Order dated October 1, 2025. [ECF No. 22.]

5. It is undisputed that Plaintiff's claims that form the basis of his FAC arose on or before the Petition Date. Therefore, it is undisputed that Plaintiff's claims are subject to the Confirmation Order, The Plan, and the Stay Order.

6. On October 16, 2025, Wellpath filed its Motion to Dismiss Plaintiff's FAC. [ECF No. 25.] The Motion to Dismiss is based, in part, upon the Plan's discharge of all claims and causes of action against Wellpath and its employees, and the Plan's injunction against the commencement or continuation of any proceedings in connection with such claims.

7. On November 14, 2025, Plaintiff filed an Opposition to Wellpath's Motion to Dismiss [ECF No. 35] and a Motion for Leave to File a Second Amended Complaint [ECF No. 36].

8. Plaintiff's Opposition to Wellpath's arguments based upon its bankruptcy discharge asserts that, to the extent that Wellpath has insurance coverage for Plaintiff's claims, the discharge does not preclude continued litigation against Wellpath as a nominal defendant for the sole purpose of securing and collecting available insurance coverage, if any.

9. Counsel for Wellpath has advised counsel for Plaintiff that insurance coverage available for this claim exists, if at all, only to the extent the value of the claim exceeds Wellpath's $15 million self-insured retention that would apply to this matter. It is more likely than not that the value of this claim does not exceed $15 million.

10. Counsel for Wellpath has further advised counsel for Plaintiff that the Confirmation Order, the Plan and/or the Stay Order establish a Liquidating Trust and alternative dispute resolution procedures for claimants, such as Plaintiff herein, to pursue their claims in the Bankruptcy Court.

11. Counsel for Wellpath has also advised counsel for Plaintiff that several motions seeking leave to proceed against Wellpath as a nominal defendant for purposes of liquidating their claims have been filed in the Bankruptcy Court. [E.g., Case No. 24-90566, ECF Nos. 377, 553, 749, 926.] Objections to these motions have been filed by post-restructuring debtor Wellpath. The Bankruptcy Court has denied at least one of these motions without prejudice [Case No. 24-90566, ECF No. 880], and others remain pending before the Bankruptcy Court, with a hearing scheduled for November 24, 2025. It is unknown when the Bankruptcy Court will issue its ruling on the matters expected to be presented to it during the hearing currently-scheduled for November 24, 2025.

12. The current deadlines for Wellpath to file its Reply to Plaintiff's Opposition to the Motion to Dismiss and its Opposition to Plaintiff's Motion for Leave to amend his complaint are November 21, 2025 and November 28, 2025, respectively.

13. The Parties herein believe that the determination of the above-referenced motions by the Bankruptcy Court will inform and guide the Parties herein, as well as this Court, regarding Wellpath's Motion to Dismiss, Plaintiff's Opposition to the Motion to Dismiss, and Plaintiff's Motion for Leave to amend his complaint.

14. Specifically, the Parties agree that, to the extent the Bankruptcy Court determines that there is no insurance coverage available and/or should the Bankruptcy Court deny all pending motions to proceed against Wellpath as a nominal defendant in the jurisdictions where their cases were filed, that such a ruling may apply to this matter as well, potentially rendering the remaining arguments in Wellpath's Motion to Dismiss and Plaintiff's Opposition to the Motion to Dismiss, as well as Plaintiff's Motion for Leave to File Second Amended Complaint, moot, and dismissal of Wellpath from this action appropriate.

15. The Parties herein therefore believe that it is appropriate to stay this matter as to Wellpath pending the Bankruptcy Court's determination of the issues before it that are substantially similar to the issues presented herein by Wellpath's Motion to Dismiss, Plaintiff's Opposition, and Plaintiff's Motion for Leave to amend.

BASED UPON THE FOREGOING, Plaintiff, Wellpath, and LVMPD hereby stipulate to STAY this matter as to Wellpath until such time as the Bankruptcy Court has ruled upon the issues currently before it that are pertinent to the pending Motion to Dismiss and Motion for Leave to File Second Amended Complaint.

IT IS FURTHER STIPULATED that, within thirty (30) days of the Bankruptcy Court's ruling on the issues discussed herein, the Parties will file a Status Report with this Court which will include either a notice of dismissal or a plan to proceed. Any plan to proceed will request that the voluntary stay be lifted, advise regarding a new proposed briefing schedule with respect to the pending motions, and/or whether any action is requested from this Court in light of the Bankruptcy Court's ruling.

**IT IS SO STIPULATED.**

DATED this 20 th day of November, 2025.

By: /s/ *Craig A. Mueller*
Craig A. Mueller, Esq.(NV Bar No. 4703)
Mueller and Associates, Inc.
Attorneys for Plaintiff

DATED this 20 th day of November, 2025.

By: /s/ *Melanie B. Chapman*
Melanie B. Chapman, Esq. (NV Bar No. 6223)
Medical Defense Law Group
Attorneys for Defendant Wellpath, LLC

DATED this 20 th day of November, 2025.

By: /s/ *Matt Freeman*
E. Matthew Freeman, Esq. (NV Bar No. 14198)
Lewis Brisbois Bigaard & Smith LLP
Attorneys for LVMPD

**ORDER**

Upon Stipulation of Counsel for the Parties, and good cause appearing, **IT IS HEREBY ORDERED** that this matter is **STAYED** as to Wellpath, LLC ("Wellpath") pending a ruling from the United States Bankruptcy Court for the Southern District of Texas ("Bankruptcy Court") regarding the various motions currently before it seeking leave to proceed against Wellpath as a nominal defendant.

**IT IS FURTHER ORDERED** the Parties shall file a joint status report within 30 days of the entry of an order by the Bankruptcy Court regarding the motions discussed above. This status report should include either a stipulation of dismissal or a plan to proceed. Any plan to proceed will (a.) request that the voluntary stay be lifted, (b.) propose a briefing schedule with respect to the pending motions, and (c.) indicate whether any action is requested from this Court in light of the Bankruptcy Court's ruling.

**IT IS FURTHER ORDERED** the Parties shall file a joint status report every 6 months regarding the status of Wellpath's bankruptcy proceedings, and how they affect this Court's proceedings, until this stay is lifted.

**DATED:** December 8, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**