ROBERT W. FREEMAN
Nevada Bar No. 3062
Robert.Freeman@lewisbrisbois.com
E. MATTHEW FREEMAN
Nevada Bar No. 14198
Matt.Freeman@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
TEL:  702.893.3383
FAX: 702.893.3789
*Attorneys for Defendant*
*Las Vegas Metropolitan Police Department*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

| | |
|---|---|
| CHARLES HOFFMAN,<br><br>            Plaintiff,<br><br>     vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada; WELLPATH LLC, a Tennessee limited liability company; DOES I through XX, inclusive; DOE OFFICERS I through XX, inclusive,; DOE DOCTORS I through XX, inclusive; DOE NURSES I through XX, inclusive; and ROE BUSINESS ENTITIES I through XX, inclusive;<br><br>            Defendants. | CASE NO. 2:25-cv-00577-RFB-EJY<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>**[SECOND REQUEST]** |

Pursuant to LR IA 6-1 and LR 26-3, the parties, by and through their respective counsel of record, hereby stipulate and respectfully request that this Court extend the discovery deadlines in the above-captioned matter by one hundred eighty-two (182) days, up to and including Monday, October 19, 2026. The parties further request that all remaining deadlines contemplated by the Discovery Plan and Scheduling Order be extended accordingly.

This request is made in good faith and not for purposes of delay. In support of this Stipulation and Request, the parties state as follows:

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

170314736.1

**PROCEDURAL BACKGROUND**

1.     On March 28, 2025, Plaintiff filed his Complaint in the United States District Court, Nevada.  (ECF No. 1).

2.     On May 20, 2025, Plaintiff filed his First Amended Complaint.  (ECF No. 8)

3.     On July 21, 2025, Defendants Las Vegas Metropolitan Police Department filed their Answer to Plaintiff's First Amended Complaint.  (ECF No. 9).

4.     On July 21, 2025, Defendant Las Vegas Metropolitan Police Department filed their Demand for Trail by Jury as well as their Certificate of Interested Parties.  (ECF Nos. 10, 11).

5.     On October 1, 2025, Las Vegas Metropolitan Police Department served its Initial FRCP 26.1 Disclosures.

6.     On October 21, 2025, Defendant served Interrogatories, Requests to Produce, and Requests to Admit ("Written Discovery") on Plaintiff.

7.     On November 21, 2025 [ECF 37], the parties' filed a Stipulation and [Proposed] Order to Stay as to Defendant Wellpath.

8.     On November 21, 2025, Plaintiff was granted an extension of time to respond to the Written Discovery due to the need for additional time to assemble the Written Discovery in a mailing that would be easier for Plaintiff to review and understand.

9.     On November 21, 2025, Plaintiff's counsel mailed the written discovery to Plaintiff at High Desert State Prison ("High Desert"). At the time of mailing, Plaintiff's counsel was unaware that Plaintiff had been transferred from High Desert to Ely State Prison ("ESP").

10.     Plaintiff's counsel first became aware of Plaintiff's transfer from High Desert to ESP on December 2, 2025.

11.     That first mailing sent on November 21, 2025, was "lost" and never returned.

12.     Upon learning of the transfer, Plaintiff's counsel remailed the Written Discovery to ESP on December 2, 2025.

13.     That mailing was returned on December 18, 2025, with the notation that the inmate's name and number did not match because Plaintiff was apparently assigned a different inmate number at ESP.

14.    Upon learning Plaintiff had a new inmate number, the Written Discovery was again mailed to Plaintiff at ESP on December 18, 2025.

15.    Plaintiff's counsel notified defense counsel of the mailing issues and defense counsel agreed to extend the deadline for Plaintiff's discovery responses to January 21, 2026.

16.    On or about January 5, 2026, it was confirmed that Plaintiff was now in receipt of the Written Discovery and would be providing draft responses promptly.

17.    On January 13, 2026, counsel learned that Plaintiff's draft responses had been mailed back.

18.    Plaintiff's counsel received Plaintiff's draft responses on January 20, 2026, and thereafter requested a final extension to respond to February 10, 2026 (allowing time to place the handwritten draft responses in final form).

19.    Because of the unknown prison transfer, it took three months to get the Written Discovery to Plaintiff, to get Plaintiff's draft written responses back, and to get those handwritten responses in the format required by the Rules.

20.    These types of delay appear frequently in proceedings involving parties who are incarcerated. Prisoners are moved from one facility to another without notice, mailings get lost or returned if there is the slightest inadvertent error in mailing, and counsel has little to no control over the delays.

21.    At this point, Defense counsel plans on serving subpoenas to secure Plaintiff's medical records and also intends to take Plaintiff's deposition. The process of securing the medical records alone could take several months. Depositions of incarcerated individuals that are located at ESP require motion practice and court approval to conduct the deposition in their prison, which further extends the timeline for completing discovery.

22.    It is for the foregoing reasons, to wit, the delay that seems inherent to civil cases by or against incarcerated litigants, that the parties submit this Second Request and submit that if the delays continue, a third request may unfortunately become necessary.

### DISCOVERY REMAINING

1.    The parties will exchange additional written discovery.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

170314736.1                                    3

2.    Defendants will take the deposition of Plaintiff.

3.    Plaintiff will take the deposition of Defendants.

4.    Defendants will collect any and all relevant medical and/or mental health records and/or billing related to the allegations contained in Plaintiff's Complaint.

5.    Defendants may depose Plaintiff's medical and/or mental health providers once able to collect any and all relevant medical and/or mental health records and billing.

6.    Defendants may depose Plaintiff's expert witnesses.

7.    Plaintiff may depose Defendants' expert witnesses.

8.    The parties may depose any and all other witnesses identified through discovery.

## GOOD CAUSE FOR EXTENSION

The parties aver, pursuant to Local Rule 26-3, that good cause exists for the requested extension. This Request for an extension of time is not sought to delay the proceedings or for any improper purpose.

Counsel for Defendant is in the process of preparing for Trial in *Motley v. Malta, et al*, Case No. 2:21-cv-02075-GMN-BNW. Additionally, Counsel for Defendant is also preparing for Settlement Conferences in *Melnek v. LVMPD, et al.*, Case No. 2:23-cv-01303-GMN-MDC, and *Shipp v. LVMPD, et. al.,* Case No. 2:24-cv-02062-GMN-EJY. In addition, counsel for Defendant will be in depositions during the months of February and March, 2026 for *Walker v. CCOCME, et al, Case No. A-24-890997-C*. This matter is set for trial on April 20, 2026.

Counsel for Plaintiff is also managing a heavy discovery docket, with multiple matters in active discovery, two cases proceeding to mediation, one case approaching trial (*Flores-Reyes v LVMPD, et al.*, 2:24-cv-00302) which has impacted counsel's availability to complete the remaining discovery within the current deadlines despite diligent efforts.

Additionally, as previously detailed, Plaintiff's incarceration at ESP has further complicated the discovery process. Ely is significantly farther away from Las Vegas than High Desert, requiring an increased coordination for travel time for all counsel, including potential overnight accommodations, to conduct the deposition of the Plaintiff. Depositions of incarcerated individuals that are located at ESP require motion practice and court approval to conduct the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

170314736.1                4

deposition in their prison, which further extends the timeline for completing discovery.

Moreover, delays in the receipt of legal mail at ESP have made communication with Plaintiff more difficult and time-consuming, despite counsel's diligent efforts. Plaintiff is presently preparing to petition the Court to be transferred back to High Desert, which would allow somewhat more efficient coordination of legal mail, attorney communications, and deposition coordination. These circumstances collectively support good cause for the requested extension.

Counsel for Wellpath has indicated that, as the matter against Wellpath is presently stayed, it has no objection to the requested extension or the proposed extension dates.  Counsel reserve the right to request additional extensions of time as necessary if and when the stay pertaining to Wellpath is lifted.

For these reasons, the parties respectfully request an extension of the discovery deadlines in this matter.

Extension or Modification of The Discovery Plan and Scheduling Order.  LR 26-3 governs modifications or extension of the Discovery Plan and Scheduling Order.  Any stipulation or motion to extend or modify that Discovery Plan and Scheduling Order must be made no later than twenty-one (21) days before the expiration of the subject deadline and must comply fully with LR 26-3. This is the second request for extension of time in this matter.  The parties respectfully submit that the reasons set forth above constitute compelling reasons for the extension.

The following is a list of the current discovery deadlines and the parties' proposed extended deadlines:

| Scheduled Event | Current Deadline | Proposed Deadline |
| --- | --- | --- |
| Discovery Cut-off | *Monday, April 20, 2026* | *Monday, October 19, 2026* |
| Deadline to Amend Pleadings or Add Parties | *Tuesday, January 20, 2026* | *Monday, July 19, 2026* |
| Expert Disclosure pursuant to FRCP26 (a)(2) | *Thursday, February 19, 2026* | *Tuesday, August 18, 2026* |
| Rebuttal Expert Disclosure pursuant to FRCP. 26(a)(2) | *Monday, March 23, 2026* | *Monday, September 21, 2026* |
| Dispositive Motions | *Wednesday, May 20, 2026* | *Monday, November 16, 2026* |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

170314736.1                                   5

| Scheduled Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Joint Pretrial Order | *Friday, June 19, 2026* | *Wednesday, December 16, 2026*<br><br>*If dispositive motions are pending, the parties will submit their Joint Pretrial Order within thirty (30) days of the Court's order as to any dispositive motions.* |

WHEREFORE, the parties respectfully request this Court extend the discovery period by one hundred eighty-two (182) days from the current deadline of April 20, 2026, up to and including October 19, 2026, and extend the other dates as outlined in accordance with the table above.

IT IS SO STIPULATED.

DATED the 26th day of January, 2026.

**MUELLER & ASSOCIATES, INC.**

/s/ *Craig A. Mueller*
CRAIG A. MUELLER
Nevada Bar No. 4703
808 S. 7th Street
Las Vegas, NV 89101
*Attorney for Plaintiff*

DATED the 26th day of January, 2026.

**MEDICAL DEFENSE LAW GROUP**

/s/ *Melanie B. Chapman*
PAUL A. CARDINALE
Nevada Bar No. 6223
MELANIE B. CHAPMAN
Nevada Bar No. 6223
3800 Watt Ave., Suite 245
Sacramento, CA 95821
Southern Nevada Office:
2460 Professional Court, Suite 110
Las Vegas, NV 89128
*Attorneys for Defendant Wellpath LLC*

DATED the 26th day of January, 2026.

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

/s/ *E. Matthew Freeman*
ROBERT W. FREEMAN
Nevada Bar No.: 3062
E. MATTHEW FREEMAN
Nevada Bar No.: 14198
6385 S. Rainbow Blvd., Ste. 600
Las Vegas, Nevada 89118
*Attorneys for Defendant*
*Las Vegas Metropolitan Police Department*

**IT IS SO ORDERED.**

_____
**U.S. MAGISTRATE JUDGE**

**Date:  January 27, 2026**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

170314736.1
6