LYSSA S. ANDERSON
Nevada Bar No. 5781
KRISTOPHER J. KALKOWSKI
Nevada Bar No. 14892
TRAVIS C. STUDDARD
Nevada Bar No. 16454
KAEMPFER CROWELL
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
Telephone: (702) 792-7000
Fax: (702) 796-7181
landerson@kcnvlaw.com
kkalkowski@kcnvlaw.com
tstuddard@kcnvlaw.com

*Attorneys for Defendant*
*Las Vegas Metropolitan Police Department*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CHARLES HOFFMAN,

Plaintiff,

vs.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada; WELLPATH LLC, a Tennessee limited liability company; DOES I through XX, inclusive; DOE OFFICERS I through XX, inclusive,; DOE DOCTORS I through XX, inclusive; DOE NURSES I through XX, inclusive; and ROE BUSINESS ENTITIES I through XX, inclusive,

Defendants.

Case No.: 2:25-cv-00577-RFB-EJY

**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**

**[Third Request]**

IT IS HEREBY STIPULATED AND AGREED between the parties that the discovery cut-off date of October 19, 2026, be continued for a period of eight-months, up to and including, **June 21, 2027**, for the purpose of fully transferring the case to new Defense counsel, obtaining discovery

responses, serving third-party subpoenas, designating experts, taking additional depositions, and drafting additional written discovery as necessary.

**I. DISCOVERY COMPLETED TO DATE**

Plaintiff and Las Vegas Metropolitan Police Department ("LVMPD") have provided initial Rule 26 Disclosures. LVMPD served initial written discovery (Interrogatories, Requests for Production of Documents and Requests for Admissions) on Plaintiff. There was a significant delay in Plaintiff providing the discovery responses, as he is currently incarcerated. Plaintiff then served his initial written discovery on LVMPD and upon retention of the undersigned, Defendant LVMPD was given an extension to respond and answer this written discovery.

**II. DISCOVERY YET TO BE COMPLETED**

LVMPD will respond to Plaintiff's written discovery requests on or before August 3, 2026. LVMPD will review the prior discovery responses of Plaintiff and will serve any necessary supplemental requests. LVMPD will serve third-party subpoenas to obtain Plaintiff's medical records related to the claims in this matter. LVMPD will take the depositions of Plaintiff, Plaintiff's medical providers, and will engage and disclose expert witnesses. Plaintiff will determine the identity of DOE Officers involved in the alleged events, will amend the operative complaint as necessary to name said DOE officers and personnel, and will serve written discovery upon, and take the depositions of the newly named defendants once they have appeared in the case. Depositions of experts and rebuttal experts may also be taken, if necessary.

**III. REASONS WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED**

A standard of "good cause" governs this request as required by Fed. R. Civ. P. 16(b)(4) and LR 26-3. A scheduling order can be modified when deadlines "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Courts consider diligence, whether the parties have been

actively engaged in the litigation process, and whether changed circumstances render the existing discovery deadlines impracticable. *See Id.*; *see also In re Western States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (good cause exists where a party proceeds diligently but requires additional time due to case developments). Extensions are also appropriate where Counsel shows legitimate litigation constraints as shown in *Gines v. Clark County School District*, 2:25-cv-01630 (D. Nev. Jan. 20, 2026), *White v. Oliver*, 2:23-cv-01121 (D. Nev. Sept. 24, 2025), and *Beard v. NDOC*, 2:23-cv-01060 (D. Nev. 2025).

As stated in the previous Stipulation and Order to Extend Discovery Deadlines (ECF No. 46), Plaintiff's incarceration at Ely State Prison ("ESP") has complicated the discovery process. Even with Plaintiff being represented by Counsel in this matter, it took nearly three (3) months for Counsel to be able to coordinate with Plaintiff to prepare the responses, partly because of significant issues regarding Plaintiff's receipt of mail in ESP. The parties anticipate that delays such as these will continue throughout the case.

On or about November 11, 2024, former defendant Wellpath LLC filed a petition for bankruptcy under Chapter 11 of the United States Bankruptcy Code in the United State Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"), under case number 24-90533. After the Court ordered to stay the case against Wellpath LLC, defendant Wellpath Liquidating Trust was substituted in place of Wellpath LLC. (ECF No. 52). As a result of this, delays in discovery occurred among all parties.

In addition, the undersigned received the file from prior counsel for LVMPD on May 13, 2026, along with multiple other transferred matters. On May 18, 2026, the Court granted the Substitution of Attorneys. (ECF No. 54). As currently scheduled, there is only a short period of time before the current deadline for the parties to disclose expert reports. The undersigned acted diligently and promptly obtained and reviewed the case materials for this matter upon being

substituted as Defense Counsel. At that time, Defense Counsel began assessing the outstanding discovery and litigation needs of the case.

Defense Counsel reached out to Plaintiff's Counsel to obtain an extension to provide responses to Plaintiff's written discovery. Defense Counsel received an influx of new cases and has been diligently working to manage the deadlines and work for each case. Counsel is currently preparing responses to Plaintiff's written discovery. The Ninth Circuit acknowledges that diligence must be evaluated in light of the practical realities of litigation, including the need for counsel to adequately prepare the case. *See In re Western States*, 715 F.3d at 737.

Good cause is established because the parties have proceeded diligently, but their efforts are constrained by legitimate litigation demands arising from (1) the current incarceration of Plaintiff at ESP, (2) the recent substitution of counsel, and (3) the need to complete expert discovery based on a fully developed factual record. This Request is timely. Dispositive motions have not yet been filed, and no Trial has been set.

## IV. PROPOSED EXTEND DEADLINES

The parties respectfully request this Court enter an order as follows:

| Deadline | Current Date | Proposed New Date |
|---|---|---|
| Discovery Cut Off | October 19, 2026 | **June 21, 2027** |
| Deadline to Amend Pleadings or Add Parties | July 19, 2026 | **March 19, 2027** |
| Disclosure of Experts | August 18, 2026 | **April 19, 2027** |
| Disclosure of Rebuttal Experts | September 21, 2026 | **May 21, 2027** |
| Dispositive Motion Deadline: | November 16, 2026 | **July 16, 2027** |
| Pre-Trial Order | December 16, 2026 | **August 16, 2027** |

**(A) Motions in Limine/ *Daubert* Motions.**

Under LR 16-3(b), any motions in limine, including *Daubert* motions, shall be filed and served 30 days prior to the commencement of Trial. Oppositions shall be filed and served 14 days thereafter. Reply briefs will be allowed only with leave of the Court.

**(B) Pretrial Order.**

Pursuant to LR 26(1)(e)(5), the Joint Pretrial Order shall be filed with this Court no later than thirty days after the date set for filing dispositive motions, unless dispositive motions are filed, in which case the date for filing the Joint Pretrial Order shall be suspended until 30 days after the decision on the dispositive motions or further order of this Court. The disclosures required by FRCP 26(a)(3) and any objections shall be included in the final pretrial order.

**(C) Extensions or Modification of the Discovery Plan and Scheduling Order.**

In accordance with LR 26-3, applications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension. A request made after the expiration of the subject deadline shall not be granted unless the movant demonstrates that the failure to set was the result of excusable neglect. Any motion or stipulation to extend a deadline or to reopen discovery shall include:

(a) A statement specifying the discovery completed;

(b) A specific description of the discovery that remains to be completed;

(c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and

(d) A proposed scheduled for completing all discovery.

The parties submit that good cause exists for an extension of the discovery deadlines for the reasons stated above. The parties intend to conduct discovery in an expeditious manner with

the additional time provided by this Stipulation, if granted.

This delay will not impede this matter, and, in fact, it will allow the parties the time needed to complete discovery. No Trial has been set, and dispositive motions have not been filed at this time.

DATED this 24th day of July, 2026.

KAEMPFER CROWELL

By: */s/ Lyssa Anderson*
LYSSA S. ANDERSON
Nevada Bar No. 5781
KRISTOPHER KALKOWSKI
Nevada Bar No. 14892
TRAVIS C. STUDDARD
Nevada Bar No. 16454
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

***Attorneys for Defendant Las Vegas Metropolitan Police Department***

MUELLER & ASSOCIATES INC.

By: */s/ Craig A. Mueller*
CRAIG A. MUELLER
Nevada Bar No. 4703
1771 E. Flamingo Avenue, 211B
808 S. 7th Street
Las Vegas, Nevada 89101

***Attorney for Plaintiff***

**ORDER**

**IT IS SO ORDERED.**

Dated this 24th day of July, 2026.

UNITED STATES MAGISTRATE JUDGE